Joseph P. Hardy
Nevada Bar No. 7370
Bullivant Houser Bailey, PC
3980 Howard Hughes Pkwy., Suite 550
Las Vegas, Nevada 89109
Telephone:    (702) 650-6565
Facsimile:    (702) 650-2995
E-mail: joe.hardy@bullivant.com

Jane E. Garfinkel
*Pro Hac Vice* Pending
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone:    (513) 352-6530
Facsimile:    (513) 241-4771
E-mail: jane.garfinkel@thompsonhine.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRILLIUM HEALTH CARE PRODUCTS, INC., a Canadian corporation;<br><br>Plaintiff,<br><br>v.<br><br>CADEAU EXPRESS, INC., a Nevada corporation; RAMON DESAGE, an individual; and DOES 1-100;<br><br>Defendants. | Case No.:<br><br>**COMPLAINT** |

1. Plaintiff, Trillium Health Care Products, Inc. ("Plaintiff") is now, and at all times mentioned in this Complaint, was a corporation organized and existing under the laws of Canada with its principal place of business in Ontario.

2. Defendant Cadeau Express, Inc. ("Cadeau Express"), is now, and at all times was a corporation organized and existing under the laws of the state of Nevada with its principal place of business in Clark County, Nevada

3. Defendant Ramon DeSage ("DeSage") (collectively with Cadeau Express "Defendants") is now, and at all times was, an individual residing in Clark County, Nevada.

4. This action is within the jurisdiction of this Court by virtue of 28 U.S.C. §§ 1332 and 1391.

5. Cadeau Express maintains one or more offices in Nevada and is subject to the jurisdiction of this Court.

6. Plaintiff is ignorant of the true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants sued herein as Does 1 through 100, inclusive, and therefore, sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the fictitiously named Defendants is in some manner responsible for the acts and events alleged herein, and that Plaintiff's damages and other relief sought herein were proximately caused by their conduct.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned each of the Defendants was the agent, employee, partner, principal, representative, and/or affiliate of each of the remaining Defendants and was, at all times herein mentioned, acting within the course and scope of such relationship, unless otherwise alleged. Moreover, at all times herein mentioned, each of the Defendants did confirm, consent to, affirm, direct, authorize, acknowledge, and ratify the acts of each and every of the Defendants herein as to each of the acts hereinafter alleged.

8. The subject matter of this action exceeds the sum of $75,000.00, exclusive of interest and costs, and is between citizens of a State and a foreign country.

**FACTS COMMON TO ALL CLAIMS FOR RELIEF**

9. Plaintiff is in the business of manufacturing, among other things, bar soaps, body wash and lotions. On or about November 10, 2004, Plaintiff offered to Defendants for sale such items for a total price of $497,743.80 U.S.

10. Defendants accepted the offer and agreed to pay for the goods within 45 days pursuant to a series of invoices evidencing the transactions. These invoices are attached hereto as Exhibits 1-18 and incorporated herein by reference.

11. Between November 15, 2004, and December 22, 2004, Plaintiff shipped, and Defendants accepted, 18 shipments of goods with a contract price of $497,743.80 U.S.

12. Despite numerous demands for payment, Defendants have refused, and continue to refuse, to pay for the goods ordered and delivered.

## FIRST CLAIM: ACTION ON ACCOUNT

13. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding and succeeding Paragraphs as though set forth in full.

14. Defendants, jointly and severally, are indebted to Plaintiff in the sum of $497,743.80 U.S. plus interest on an account for merchandise sold and delivered by Plaintiff to Defendants at Defendants' request, between November 15, 2004, and December 22, 2004.

15. Plaintiff has repeatedly demanded payment from Defendants but no part of the account has been paid and the whole amount of such account is due and payable from the Defendants, plus interest.

16. Plaintiff has been required to retain the assistance of counsel and is entitled to be compensated for the costs incurred in the prosecution of this claim, including without limitation, all costs and attorney's fees.

## SECOND CLAIM: BREACH OF CONTRACT

17. Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding and succeeding Paragraphs as though set forth in full.

18. On or about November 15, 2004, Plaintiff entered into an agreement whereby Defendants agreed to buy and Plaintiff agreed to sell certain toiletries manufactured by Plaintiff such as bar soap, body wash and lotions.

19. The contract was evidenced by a series of invoices, true and complete copies of which are attached to this Complaint as Exhibits 1 through 18 and incorporated herein by reference.

20. Plaintiff has performed all of the conditions and terms of the contract.

1  21. Defendants have failed and refused, and still fail and refuse to perform, the
2  contract.

3  22. Because of Defendants' failure to perform the contract, Plaintiff has been
4  damaged in the amount of $497,743.80 U.S. plus interest, no part of which has been paid.

5  23. Plaintiff has been required to retain the assistance of counsel and is entitled to be
6  compensated for all costs incurred in the prosecution of this claim, including without limitation,
7  all costs and attorney's fees.

### THIRD CLAIM:  UNJUST ENRICHMENT

9  24. Plaintiff realleges and incorporates herein by reference each and every
10  allegation contained in the preceding and succeeding Paragraphs as though set forth in full.

11  25. Plaintiff, in reliance on Defendants' order of merchandise and on Defendants'
12  agreement to pay for merchandise delivered to them, shipped a substantial number of items to
13  Defendants' location. Thus Plaintiff has fully performed under the parties' agreement.

14  26. Defendants took possession of and accepted the merchandise and, on information
15  and belief, sold that merchandise to one or more third parties.

16  27. Defendants reaped all of the benefits of Plaintiff's sale of goods, has refused to
17  compensate Plaintiff for any of the merchandise and have therefore been unjustly enriched, at
18  Plaintiff's expense.

19  28. Because of Defendants' failure to pay for the merchandise which Defendants
20  ordered and for which they have refused to pay, Plaintiff has been unjustly enriched in the
21  amount of $497,743.80 U.S. plus interest, no part of which has been paid.

22  29. Plaintiff has been required to retain the assistance of counsel and is entitled to be
23  compensated for all costs incurred in the prosecution of this claim, including without limitation,
24  all costs and attorney's fees.

25  WHEREFORE, Plaintiff requests that this court:

26  1. Award a judgment in its favor, and against the Defendants, jointly and severally,
27  in the amount of $497,743.80 U.S. plus interest;

28

2. Award Plaintiff its costs and attorneys' fees; and

3. Award such other and further relief as the court deems just and proper.

DATED: February 28, 2006

BULLIVANT HOUSER BAILEY PC

By *(signature)*
Joseph P. Hardy
Nevada State Bar #7370
3980 Howard Hughes Pkwy, Suite 550
Las Vegas, Nevada 89109
Telephone: 702.650.6565
Facsimile: 702.650.2995

Jane E. Garfinkel
*Pro Hac Vice* Pending
Thompson Hine LLP
312 Walnut Street, Suite 1400
Cincinnati, Ohio 45202
Telephone:	(513) 352-6530
Facsimile:(513) 241-4771
E-mail:	jane.garfinkel@thompsonhine.com

Attorneys for Plaintiff

*****